Before the Court are Rule 56 cross motions for summary judgment brought by Donald Tinney (petitioner) and Kevin Tinney a/k/a Kevin Jacob Koellisch (respondent). Jurisdiction is pursuant to G.L. 1956 § 9-30-1.
On October 11, 1990, an 84 year old Ruth E. Tinney adopted the respondent, who was himself 38 years old at the time. Mrs. Tinney died intestate on December 18, 1995. On July 6, 1999, the respondent filed a Petition to Probate the estate of Mrs. Tinney with the Probate Court of the City of Newport.[1] The Petition lists two heirs at law, the respondent and the petitioner, both of whom are listed as Mrs. Tinney's sons. The respondent claims a one-half interest in Mrs. Tinney's personal estate.
As a result of the respondent's claim, the petitioner seeks to have this Court declare that a person adopted as an adult is not entitled to intestate inheritance. The petitioner argues that pursuant to Rhode Island's adoption laws, G.L. 1956 § 15-7-1 et. seq., only persons under the age of 18 are entitled to intestate inheritance. The petitioner points to an apparent contrast between § 15-7-4(d), which states that "[p]etitions for adoptions of persons eighteen years or older shall be heard by the probate court of the city or town in which petitioners live," and § 15-7-16, which states in part "[a] child lawfully adopted shall be deemed, for purposes of inheritance . . . the child of the parents by adoption the same as if he or she had been born to them in lawful wedlock," in making his argument. (emphasis added).
The petitioner notes that 15-7-4(d), the statute that permits the adoption of adults, contains the word "persons" to describe potential adoptees, while 15-7-16 states that a "child" is entitled to inheritance. According to the petitioner, if the legislature intended to include adult adoptees as eligible intestate inheritors, it would have worded 15-7-16 in a manner consistent with 15-7-4(d) and described the adoptees as "persons."
Section 15-7-16 grants an adopted "child" equal footing with biological children for purposes of inheritance. Although the petitioner argues that the legislature intended to describe a person under the age of 18 when it used the word "child" in 15-7-16, it is clear to this Court that "child" in fact means the son or daughter of a parent regardless of age. That this is the intended meaning becomes clear after a review of the statutory history of adoption in Rhode Island. For instance, the adoption statute of 1923 allowed a person to adopt "as his child any person younger than himself," and allowed the same rights of inheritance for that "child so adopted" G.L. 1923, ch. 288, secs. 1 6. Furthermore, when the Juvenile Court was established in 1944 and charged with jurisdiction over the adoption of children, no distinction was created between the rights of persons adopted as minors and the rights of persons adopted over the age of 18. See G.L. 1938, ch. 420. The only distinction between the two groups would be the court that would retain jurisdiction over the adoption. Most importantly, however, is that through the years and various statutory changes concerning adoption and the rights of those adopted, the Legislature has not enacted any provision excluding persons adopted as adults from the rights of inheritance that it has granted to all lawfully adopted children.
Our Supreme Court has held that "when the language of a statute is clear and unambiguous, [the court] must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Sindelar v. Leguia, 750 A.2d 967, 970 (R.I. 2000) (citations omitted). This Court finds the language of 15-7-16 to be clear and unambiguous in referring to a child as the son or daughter of a parent. Therefore, the petitioner's motion for summary judgment on its petition for declaratory judgment is denied, and the respondent's cross motion for summary judgment is granted.
[1] On August 31, 1999, B. Mitchell Simpson was qualified as the Administrator of Mrs. Tinney's estate.